Good morning your honors, Troy Monge for appellant Connie Earnshaw. In this case we have a social disability claim and as a matter of law I believe that Mrs. Earnshaw should be found disabled because she has transferable skills to only one job. We have the Lounsbury case which I believe is essentially on point. Counsel, Lounsbury is certainly a very strong case for you and and that will be an issue that at least I need to ask your adversaries about but I need your help on something else. Certainly. I look at the facts of this case, the daily activities. She takes a four-hour drive to I don't know if it's Laughlin or Laughlin. Laughlin, your honor. Laughlin. As I recall from driving in Nevada that's a gigantic factory outlet mall. Am I remembering right? I've never been to Laughlin. I only know it has casinos but I've never been there so I couldn't answer. Those you don't need a four-hour drive for in Nevada. I don't know. I mean and that may be true that she did make that trip. And she walks her dog, does light cleaning and laundry, and exercises at the gym which is more than some of us do. I what I was wondering was it looks as though the ALJ should have under receptionist that she could do but I can't help but wonder whether looking at those activities he figured gee she's in as good shape as I am. Pretty obvious that she could do a lot of things and receptionist is not like companion in the Lounsbury case, a fairly narrow occupation. Receptionist is a very very broad occupation. Why shouldn't he be able to look at those activities and say well I don't really need to. I get very specific about identifying jobs in this case. Well specifically he says she's only capable of doing if you look at the things that she does as light things. She walks her dog when she is able. We have an individual who has a condition that you know can be one that waxes and wanes. So to find that she does things on occasion doesn't necessarily mean that she's able to do those things on a sustained basis. Additionally going to the gym is something that is good for anybody who's disabled to try and stay in shape. So the drive to the factory outlet mall four hours away that's kind of demanding. And that may be but that is an act where she is only sitting. That is not necessarily consistent with doing activities. Imagine she wouldn't go there unless she also shops. Well she must do some. I'm you're assuming of course she is going to the factory outlets. That I don't know. I can't answer that. But she's been 86 by every other casino in Nevada. I can't see why she'd go to Laughlin. That I can't answer. But the fact is she's only sitting while she is in the capacity of moving to Laughlin. So that doesn't necessarily contradict the problem. One of the other issues here is if she has hand limitations and to be sitting in a car while her husband's driving to Laughlin doesn't address the fact that that doesn't show that she has the hand capacity to be able to do the receptionist work which requires at least frequent handling. Hand capacity? The way I've seen it is usually the receptionist is not the busy typist. The receptionist is the one answering the phone and saying he's in a meeting. True and those are hand activities according to the dictionary of occupational titles and as testified to the vocational expert. The occupation of receptionist requires at least frequent handling. It requires occasional fingering. So if she is in a vehicle and someone else is driving her to Laughlin that doesn't show a capacity to use her hands at a frequent exertional level. Did it say that her husband was driving her? She wasn't driving herself? I believe that the record does say that the husband was driving. But I would have to check that. I don't believe or the record is unclear as to who is driving. If you're right, are you saying you're entitled to in effect an award or is it a remand to see if there are other? I believe that what is appropriate is an award of benefits at age 55 and a remand to determine if there are other jobs earlier than that. I don't think it would be fair to send the case back at this point after we've gone through two ALJ hearings with the same ALJ who has been advised to consider certain factors which he doesn't consider. There's and I have another question. There's something very odd here. The ALJ found she could do light work, right? That is correct. And therefore you don't have. But on the other hand if he found she could only do sedentary then she's not entitled to an award because she does one thing, receptionist. It makes no logical sense to me. I can't answer that question. The only thing I can answer is that that is what the legislature has written in the GRID rules and the rules are specific. They say if an individual is capable of light work there must be more than one occupation to which they have transferable skills. Am I correct? It isn't sedentary as a lesser included category of light work? Yes, Your Honor. So we're talking about a woman who is has been found to be capable of doing light work and there are many thousands of light work jobs in the economy as I understand it. Yes, Your Honor. So why did the ALJ err in concluding that there are jobs like receptionist that she is capable of doing? Because receptionist is not the only light work job in the national economy. That's the only job for which she had transferable skills. Under 202-00C he has to show transferability to more than one occupation. Otherwise, even if there are millions of occupations at the light exertional level, he has to show a transferability of skills under Step 5 if he shows that she's incapable of doing her past relevant work under Step 4. But wasn't her past relevant work as an office manager, a secretary, I think there were a couple of others. Did she have a college degree? She did. So why is it error given those educational skills and work history skills for the ALJ to conclude that she's not disabled because there are lots of light work jobs that she could do that would take advantage of her education and experience? Well, there is only one occupation and that is the receptionist occupation. The vocational expert was specifically asked how many occupations are there and she said, receptionist. And the judge asked her, are there any others? No, there are no others. That's on 759 of the administrative record. I read the testimony, but I guess I have the same concern that Judge Trager raises. If you're right, wouldn't the better result be to remand to the ALJ for a determination as to whether or not that is the only job in the light work category that she's capable of performing? Because that's not how I read the testimony. Well, the vocational expert was specifically asked, are there others? And she said, no. This is 759? Yes, Your Honor. Are there others? And she says, no, I don't believe there would be any more. Well, there is only this one occupation. To remand it back to determine or find more occupations I'm not finding this on 759. It's something about her hernia. Could you check the page number? I'm sorry. I said 759. I meant 795. 795. I apologize. And the very last question, any others? No, I don't believe there would be any more. She's specifically addressed that. How can I square that with her testimony on 793 and 794, where they're asking her about four different jobs, including skilled sedentary work, which includes a billing secretary, an accountant three, an executive secretary, and an office manager? Those are the jobs she performed, Your Honor, not other jobs. But those are sedentary jobs. And if your answer to me was correct, that sedentary is a subset of light work, then why should I read the vocational expert's testimony as being restricted to simply receptionist, which is broader than the sedentary job that she did before? What we specifically have in the RFC was the ALJ found that the claimant was capable of only occasional fingering and feeling. Under the Dictionary of Occupational Titles, those three jobs were precluded by that specific limitation because they were quite frequent. So she was incapable of doing those jobs. So then you go to Step 5, because she was incapable of doing any of her past relevant work. And at Step 5, you have to show more than one occupation. The vocational expert testified there is only one. So you're saying because of her gripping and grasping limitations, she would no longer be able to serve as a secretary? As the jobs that she performed, yes, according to the vocational expert and the Dictionary of Occupational Titles, as those jobs are defined. Even though they are within the category of sedentary. Correct. Because not only was she limited in her sitting, standing, and walking to the side exertional, but the judge found occasional fingering and feeling. So those limitations precluded her past relevant work. Thank you, Counsel. Thank you. Good morning. My name is Joanna King, representing Eppley, the Commissioner of Social Security. Counsel, I've got a big problem in your case. It seems frankly ridiculous to me that she should get disability because she just doesn't have a whole lot wrong with her, and she's a college-educated person. I just don't see it. However, Lounsbury says one job's not enough. There has to be more than one job. And then I look at 795, and it's true that this expert says receptionist is performable. Any others? No. I don't believe there would be any more. So are we stuck under Lounsbury in reversing? And if not, why not? Yes, Your Honor. It is – Lounsbury, we would argue, is not – does not apply to this case. How do we distinguish Lounsbury? Because in Lounsbury, the vocational expert found that a claimant could only perform a light job. In this case, a vocational expert found that a claimant could perform one sedentary semi-skilled job as a receptionist. Therefore, this case, the commissioner argues that is more similar to the line of cases in Tomasetti, where the sedentary grid rules were applied, and this court found that the Lounsbury holding would not be similarly applied to the sedentary grid rules, which didn't have the similar 202.00c footnote that required a significant range of work. And that's what the ALJ did in this case. He applied the sedentary grid rules 201.15 and 201.07, which finds a – finds a non-disability. I thought – I thought this lady was also light work. Yes, the ALJ found that the claimant was capable of light work with a – This is light in Lounsbury's light, right? Right. But, however, in Lounsbury, the vocational expert at step five found that the claimant in Lounsbury could only perform a light job. In this case, the vocational expert found that the claimant could only perform a sedentary job, and therefore, the sedentary grid rules would apply. Where do I look in the excerpts for the support for your proposition that this is a Tomasetti and not a Lounsbury case? Well, the ALJ's – in the transcript. If the ALJ had said she can only do sedentary, you win. But because he said it was light work, you lose. That's what's confusing. It makes no sense. That's my problem. I recognize that problem. It makes no sense, but here we are. To further support the – the argument that sedentary grid rules would apply, I want to report to the case D'Estacio v. Shalala. Wait. Before we get to cases, we need facts. I'm sorry. And where is the fact that shows she's sedentary like Tomasetti, not light like Lounsbury? Yes. That is based on the – that's based on – I'm not asking you for now whether either case is a good interpretation of the law, but they're binding on us. Yes. Let me see. Okay. On the same page, transcript page 795, the vocational expert answers the hypothetical question that the ALJ posed, and he found that the claimant was capable of receptionist position, which is a sedentary SVP4 semi-skilled position. So the receptionist job was clearly a sedentary job, and that's the only job that the vocational expert found that claimant was capable of doing. So that's where – that's the fact that would warrant applying the sedentary – I don't understand why that makes her a sedentary and not a light. That the job is a sedentary rather than a light doesn't mean that the lady is a sedentary rather than a light. That's why I wanted to point the Court to D'Estacio v. Shalala. In this case, it was very similar. The ALJ found the – Name of it again? D'Estacio, D-I-S-T-A-S-I-O v. Shalala. D-I-S-T-A-S-I-O? Yes. D-I-S-T-A-S-I-O. And the citation? The citation – one moment. Why don't you just give us a 28-J letter? Yes, I will. Thank you. But in that case, the facts are very similar. Is it a Ninth Circuit case? Yes. And it's published? Yes. So in that case, the claimant was found – the ALJ found the claimant could do light work with some non-exertional limitations, which is similar in this case here. And then at Step 5, the vocational expert testified that the claimant could only do sedentary work. And the ALJ in that case applied the light grid rules, but the court held that because the vocational expert found the claimant could only perform sedentary work, that the sedentary grid rules should apply. I thought – I keep getting mixed up, but I thought light work included both sedentary and non-sedentary. All sedentary is light, but not all light is sedentary. Yes, that's correct. Is that right? Yes. So if a person could do light work, they can also do sedentary work as well. Okay. Now, where do we look in the ALJ? So if I understand your position, even though the ALJ said she could do light work in light of what the vocational expert is saying, that in fact she only could do sedentary. Yes. And that is wrong in saying that she could do light work in light of what the vocational expert said. In light of what the vocational expert said, considering her light limitation and her non-exertional limitations, it warranted, yes, the sedentary job, that she could only do sedentary work. So then we get to Tomasetti, which is the more disabled people are less entitled to disability. Yes. All right. Walks into the wonderful world. Where do we look in the ALJ's findings to get the right answer here? It is on transcript page 26. If you look down on finding number 10, the ALJ relies on the vocational expert testimony that she could do the receptionist's job. But also, if you look down at the bottom, the rules that he applied include the sedentary grid rules, 201.07 and 201.15, that direct a finding of not disabled. I'm looking for the finding here where he says she's sedentary, that she falls in the sedentary category. Well, the ALJ's finding is that she is capable of light work. If you look on page 22, he says that she can lift and carry 10 pounds frequently and 20 pounds occasionally, and then the additional hand limitations of repeated forceful grasping with hands, et cetera. So that's light. Actually, it's slightly less than light because of the hand limitations. And when the ALJ posed those limitations to the vocational expert, the vocational expert testified that with all those limitations, she could only do the job as a sedentary receptionist. So the ALJ didn't hold in so many words that she's only capable of sedentary work, but by adopting the vocational expert's testimony that she could only do the sedentary job as a receptionist, then that's why the sedentary grid rule should apply. And that was what was held similarly in D'Eustachio, the case that I mentioned earlier. So going on. So you're saying by adopting the vocational expert's or accepting the vocational expert's testimony, that's how the ALJ is classifying her as sedentary and not merely light. Yes, and I think the ALJ was aware of that by applying the sedentary grid rules, 201.15 and 201.07. And I just wanted to highlight the credibility section, as the Court mentioned. The ALJ provided ample reasons to discount the claimant's subjective complaints, the activities of daily living that was already mentioned, and all of the medical opinions such as Dr. Walker, Kent, DeBolt, all found the claimant was capable of at least light work with some manipulative limitations. And my time is up, so the Commissioner submits his case. Thank you. Thank you, counsel. Counsel, you had a few seconds left. Very quickly, I just want to point out in the judge's decision on page 22, he finds that she's capable of light work. Therefore, the light grid rule should apply. On what basis, though? Because that's what he said. He specifically found slightly narrowed range of light work. Right, that's still light work. He thought slightly narrowed range left the door open for the other side's interpretation. Well, if you look at specifically the sitting, standing, walking, lifting, and carrying, those are the ones that put you into the grid rules. And then there can be a slight narrowing because of non-exertional limitations. Here, those provide for light work. Occasionally, lifting 20 pounds, 10 pounds frequently, sitting, standing, walking, six hours out of eight hours, those are all consistent with light work. That's how light work is defined. So the judge in this case specifically found a limitation to light work so that the light grid rule should apply. And then additionally, the judge makes a reference here, which is on page 26, the last sentence of the first half paragraph. The vocational expert testified that representative occupations such an individual could perform, including receptionist. Specifically, the word is occupations, which is a plural word, and we know the vocational expert testified to one occupation singular. So if the court believes that the ALJ made an error here, then the appropriate thing would be at least to remand it back because of the judge's use of the word plural when this really is only one singular occupation, as pointed out on 795. Additionally, I just want to point out that the judge was told the basis of the light work in light of what the vocational expert said, that, in fact, she really only could do sedentary when you add in all the exertional and non-exertional. If we look at Rule 202.00c, it just specifically requires or the court has to find the ALJ that there is more than one occupation. It has to be more than one occupation. The plain reading of that rule doesn't say more than one occupation at the light exertional level or at the sedentary exertional level. It doesn't specifically say. So to give that 202.00c any meaning under the rules of statutory construction, because light work always includes sedentary, according to the defendant's argument, you're never going to have a situation where 202.00c applies because then the ALJ could just say even if the vocational expert only found a job at the light, I'm going to apply the sedentary grids because they include the light. So according to the defendant's interpretation, 202.00c has no applicability.  Thank you, Your Honor. Thanks, folks. Earnshaw v. Estre was submitted. Cosmetic Ideas v. IAC Interactive is next.
judges: Trager, Kleinfeld, Tallman